**Brenda POWERS and Bradford M. Condit, Appellants,**

v.

**Paul PALACIOS, Appellee.**

**No. 13-88-211-CV.**

Court of Appeals of Texas, Corpus Christi.

May 25, 1989.

Rehearing Denied June 29, 1989.

Bradford M. Condit, Corpus Christi, for appellants.

Aldean Kainz, William R. Kendall, Kleberg & Head, Corpus Christi, for appellee.

Before NYE, C.J., and SEERDEN and BENAVIDES, JJ.

## OPINION

SEERDEN, Justice.

Appellants, Brenda Powers and her attorney, Brad Condit, seek a reversal of a trial court's order imposing sanctions for bringing a frivolous lawsuit under Tex.Civ. Prac. & Rem.Code Ann. § 9.012 (Vernon Supp.1989). Appellants argue that the trial court did not follow the requirements of that statute, that jurisdiction had been terminated by the filing of a nonsuit, so that the trial court lacked power to sanction them, and that the evidence does not support the amount of attorney's fees ($2,500) and costs awarded in the order. We affirm.

Condit filed a petition on December 11, 1987, alleging that Powers was injured by a pit bull dog kept at appellee's residence. On February 22, 1988, the trial court heard appellee's motion to strike a docket control order. Apparently, Condit had cleared the schedule with appellee's attorney's secretary, but there was a mixup.

On March 3, 1988, appellee filed a motion for summary judgment, challenging whether the dog was kept at appellee's residence. That motion was set for hearing on March 24, 1988, and later reset for March 28, 1988.

On March 8, 1988, the trial court heard a motion to quash the deposition of appellee. Condit had set the deposition for March 24, 1988, and then had it noticed for March 9, 1988. The parties discussed scheduling difficulties and communication difficulties in agreeing to settings and with discovery. At that time, the court set Condit's motion for sanctions about some interrogatories for May 3, 1988. The court quashed the March 9 deposition setting, leaving the March 24 setting.

On March 23, 1988, appellants filed a motion for a continuance and in the alternative, leave to file an affidavit. On that date, the court heard a motion to set a date on motion for summary judgment, and reset it for March 28, 1988. Condit argued that he did not have proper notice of the March 24 summary judgment setting, that it conflicted with appellee's deposition, and that it was prior to noticed depositions of other witnesses. The attorneys argued about discovery until the judge held Condit in contempt, fining him $50.

On March 24, 1988, appellee filed a counterclaim alleging that appellants brought a groundless suit in bad faith or for harassment, requesting dismissal of the claim with prejudice and the imposition of sanctions. The same day, appellants filed for nonsuit without prejudice and filed a motion for similar sanctions against appellee. Both parties were requesting, under Tex. Civ.Prac. & Rem.Code Ann. § 9.012, that the court strike the opponent's pleadings with prejudice and award attorney's fees and expenses.

On March 28, 1988, the attorneys again appeared in court. Appellee's attorney requested that he be awarded attorney's fees before the case was dismissed. Bill Kendall, attorney for appellee, testified that, due to the numerous motions and hearings, the fees incurred were about $4,500. Al Kainz, also attorney for appellee, argued that the suit was frivolous, since to nonsuit and refile returns the cause to the same court. Kainz stated, "It's obvious the only reason for this nonsuit is because we have a Motion for Summary Judgment that was supposed to be heard at this time and place in this court and the nonsuit was filed by the plaintiff for the reason that there is no defense to that summary judgment." Appellants had filed no response to the motion for summary judgment. (The record does not indicate that appellants ever obtained leave to file the affidavit of a Mrs. Garcia which was attached to their March 23,

1988, motion, and which has also been forwarded in a supplemental transcript. *See* Tex.R.Civ.P. 166a(c). Thus, it cannot be considered.) The court asked the reason for the motion for nonsuit, and Powers' attorney replied, "Plaintiff at this point just doesn't wish to pursue her cause of action at this time." Kainz asked that if the nonsuit were granted, it be with prejudice as to this particular defendant. Powers' attorney stated that the plaintiff had an absolute right to dismiss the lawsuit and that "there is no subsequent action that the court can take once that has been filed, which was last Friday, there is no action." The court stated it would award appellee $2,500 attorney's fees plus court costs, and signed an order on March 30, 1988.

By point two, appellants argue that the trial court had no jurisdiction to hear or enter sanctions after the nonsuit was filed, citing *Newman Oil Co. v. Alkek*, 657 S.W.2d 915, 919 (Tex.App.—Corpus Christi 1983, no writ). In *Newman Oil*, the defendant had not pled for affirmative relief, and thus, the plaintiffs were entitled to dismiss the entire cause under Tex.R.Civ.P. 164 (repealed eff. January 1, 1988). However, even under the old nonsuit rule, a nonsuit did not prejudice the right of the adverse party to be heard on any affirmative relief requested in a pleading filed before the nonsuit was taken. Rule 164 did permit proceedings on motions for sanctions after a nonsuit. *Hlavinka v. Griffin*, 721 S.W.2d 521, 522 (Tex.App.—Corpus Christi 1986, no writ).

■ The current rule, Tex.R.Civ.P. 162, which was in force at the time of the nonsuit, specifies that "A dismissal under this rule shall have no effect on any motion for sanctions, attorney's fees or other costs, pending at the time of the dismissal, as determined by the court." Thus, the trial court retained jurisdiction to dispose of appellee's motion for sanctions. We overrule point two.

By point one, appellants complain that the trial court did not comply with the requisites of Tex.Civ.Prac. & Rem.Code Ann. § 9.012 (Vernon Supp.1989), modified by Tex.R.Civ.P. 13. Specifically, appellants

allege error in a failure to give notice, failure to state the particulars of good cause in its order, the sanctioning of Powers, who did not sign the pleading, and the timing of the sanctions after the nonsuit.

Appellants' complaints about the failure to give notice and the sanctions following the nonsuit refer to the 90–day provisions of § 9.012(c) and (d). The Rule 13 language, which supersedes in case of conflict, is:

The court may not impose sanctions for violation of this rule if, before the 90th day after the court makes a determination of such violation or prior to the expiration of the court's plenary power, whichever first occurs, the offending party withdraws or amends the pleading, motion, or other paper, or offending portion thereof to the satisfaction of the court.

■ Under Tex.R.App.P. 52(a), a party must present a specific objection, request, or motion to the trial court and obtain a ruling to preserve a complaint for appellate review. We have examined the record of the hearing and find no references to the 90–day requirement and no complaint about the timing of the sanctions or sanctions hearing other than the jurisdictional argument disposed of under point two. In response to appellants' claim of inadequate notice, we point out that appellants not only failed to object, but appeared, did not request a continuance, and fully participated in the hearing. Thus, any deficiencies in service or notice were waived. *See Sloan v. Rivers*, 693 S.W.2d 782, 784 (Tex. App.—Fort Worth 1985, no writ).

■ Appellants now complain that the order holds Powers as well as her attorney liable. Appellee's counter-claim, which is his motion for sanctions, requests that the sanctions be brought against both the plaintiff and the pleading's signatory, her attorney. We have not found this complaint to be raised at the hearing, and it is waived.

■ Appellants complain of the trial court's failure to state the particulars of good cause in its order. Rule 13 states,

"No sanctions under this rule may be imposed except for good cause, the particulars of which must be stated in the sanction order." We have found no recital of facts constituting good cause, or express finding of good cause, in the order. However, under Tex.R.App.P. 81(b)(1), we do not reverse unless an error amounts to such a denial of appellants' rights as was reasonably calculated to cause and probably did cause the rendition of an improper judgment, or probably prevented a proper presentation to the appellate court. The trial court did not obscure its reasoning at the hearing, and the situation has been adequately presented to us.

The trial court raised with Condit, before imposing the sanctions, whether he intended to refile the suit later. Because the nonsuit was filed without prejudice, appellants did not effectively "withdraw the pleading or amend the pleading to the satisfaction of the court." The suit, which the trial court clearly found frivolous, could be refiled and dismissed repeatedly without sanctions if a dismissal without prejudice satisfied the act. We overrule point two.

By point three, appellants claim that there was no evidence or insufficient evidence of the amount of attorney's fees and costs, and that the trial court therefore abused its discretion in setting the amount.

At the hearing Kendall, appellee's attorney, stated, "I'm prepared to testify to attorney's fees and costs." The trial court said, "I will waive the oath. Go ahead." Kendall testified, "Your Honor, we have incurred attorney's fees of approximately $4,500 in the defense of this case due to numerous motions and hearings that we have had to hear and pleadings and such that we filed. That's all I have." The trial court said, "Mr. Condit, you want to ask any questions?" Appellant's attorney then asked the judge about authority to award attorney's fees. Thus, appellant's attorney did not object when the trial court waived the oath, and, although offered an opportunity, did not cross-examine Kendall.

The trial court asked the amount of court costs, and appellant's attorney stated that the plaintiff had prepaid them. The court then asked Kendall the basis of the $4,500 figure. Kendall instead explained the legal authority for the sanctions. The trial court was aware of the numerous hearings and pleadings and the discovery in the case. We find the evidence sufficient to sustain the $2,500 figure. We overrule point three.

We AFFIRM the trial court's order.