**Esiquiel RODRIGUEZ, Appellant,**

v.

**STATE DEPARTMENT OF HIGHWAYS AND PUBLIC TRANSPORTATION, Appellee.**

**No. 13-90-352-CV.**

Court of Appeals of Texas, Corpus Christi.

Oct. 3, 1991.

William Kershner, San Leon, for appellant.

Hector Flores, Asst. Atty. Gen., Highway Div., Austin, for appellee.

Before KENNEDY, SEERDEN and DORSEY, JJ.

OPINION

KENNEDY, Justice.

This is an appeal from a Rule 13 sanctions order. The trial court assessed Rule 13 sanctions against appellant, Rodriguez, including dismissal of his case with prejudice. In addition, the trial court ordered Rule 13 sanctions imposed against Rodriguez's attorney for filing a groundless pleading. We find that the trial court abused its discretion in ordering sanctions.

We reverse the order for sanctions and remand this case to the trial court.

Following a final ruling, decision, and award by the Industrial Accident Board (IAB), Rodriguez filed suit against the appellee, the Texas Department of Highways, for worker's compensation for injuries he received on or about October 25, 1981, while working for the State Department of Highways. He subsequently filed a First Amended Original Petition also referencing the date of his injury as on or about October 25, 1981. Confusion arose when Rodriguez submitted a Request For Admissions to the Department of Highways referencing March 13, 1981, as the date of his injury. In addition, the Department of Highways asserted in their argument that when they took Rodriguez's deposition, he stated, "I haven't any idea what the October date is. I was injured in March."[1]

Following the alleged deposition testimony of Rodriguez and the reference to March 13, 1981, in the request for admissions, the Department of Highways filed a Motion for Special Exceptions to Rodriguez's First Amended Original Petition. In the special exception, they asserted that Rodriguez should plead March 6, 1981, as the date of injury not October 25, 1981, nor March 13, 1981. Prior to a hearing on the special exception motion, Rodriguez filed a supplemental petition acknowledging that the injury in issue occurred on March 13, 1981. In effect, by virtue of filing the Supplemental Petition, Rodriguez pleaded two dates of injury. The original petition and its several supplements constitute separate and distinct parts of a party's pleadings. Tex.R.Civ.P. 69. Following a hearing, the trial court granted the exception and ordered Rodriguez to amend his petition within 10 days to reflect the date of his injury as March 6, 1981.

Additionally, at the hearing, the Department of Highways filed an oral motion asking the court to impose Rule 13 sanctions against Rodriguez's attorney for filing a groundless pleading. They claimed that Rodriguez's attorney failed to properly investigate the facts of his case to determine that his client was injured in March not October. They claimed that there is no basis in law or fact for a suit by Rodriguez alleging an injury date in March because Rodriguez did not meet the statutory requirement of obtaining a final decision by the IAB regarding a March 6, 1981, injury. Among the Rule 13 sanctions requested by the Department of Highways was the dismissal with prejudice of Rodriguez's case. The court instructed Rodriguez's attorney that if he failed to show proof within 10 days of a hearing before the IAB regarding the March 6, 1981, injury, the court would grant the Motion for Sanctions in all respects.

Rodriguez amended his petition within 10 days. However, rather than assert that his injury occurred on March 6, 1981, and show proof of a final hearing before the IAB, he asserted, as in his original petition, that his injury occurred on or about October 26, 1981. The court ordered Rule 13 sanctions imposed against Rodriguez's attorney and dismissed the case with prejudice. Rodriguez and his attorney appeal the order for sanctions and the dismissal.

■ While there is no Texas case specifically addressing the standard of review this court is to apply when reviewing a Rule 13 sanctions order, we find that there is a strong similarity between Fed.R.Civ.P. 11 and Tex.R.Civ.P. 13. The standard of review for a Rule 11 sanction order is whether a district court abused its discretion. *Cooter & Gell v. Hartmarx Corp.*, — U.S. ——, 110 S.Ct. 2447, 2461, 110 L.Ed.2d 359 (1990). When this court reviews a trial court's decision based on an abuse of discretion standard, an appellant must show that the trial court either acted without reference to any guiding rules and principles of law or acted in an arbitrary or unreasonable manner. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985). We find an abuse of discretion.

■ Rule 13 addresses the issue of attorneys or parties filing pleadings, motions, and other papers brought in bad faith or

---

1. The deposition of Mr. Rodriguez is not in the record sent to this court.

groundless, for the purpose of harassment, or to secure a delay of the trial of the cause. Tex.R.Civ.P. 13 (Vernon Supp. 1991). The signature of an attorney or party constitutes a certificate that to the best of their knowledge and belief formed after a reasonable inquiry the instrument is not groundless and brought in bad faith. *Id.* The rule presumes that all papers are filed in good faith. *Id.* However, if a court finds that "a pleading, motion or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, ... shall impose ... sanctions available under Rule 215–2b, upon the person who signed it, a representative party, or both." *Id.; see P.N.L., Inc., v. Owens,* 799 S.W.2d 439, 440–41 (Tex.App.—El Paso 1990, no writ). A change in the rule requiring notice and a hearing prior to imposing an appropriate sanction became effective September 1990 but is not applicable in this case. *See* Tex.R.Civ.P. 13 (Vernon Supp.1991). "Groundless," as defined by Rule 13, means that there is no basis in law or fact and that the pleading is not warranted by a good faith argument. *Id.* In addition, under Rule 13, "no sanctions may be imposed except for good cause, the particulars of which must be stated in the sanction order." Tex.R.Civ.P. 13 (Vernon Supp.1991).

In this case, the Department of Highways seems to assume in their request for sanctions that Rodriguez is asserting an injury date in March. However, Rodriguez's Second Amended Original Petition, timely filed within the 10 days granted by the court, asserts an injury date of on or about October 26, 1981. Although the pleading did not conform to the trial court's special exception order requiring an assertion of March 6, 1981, as the date of Rodriguez's injury, it was a valid claim based in law or fact and it asserted a good faith argument. Therefore, there is no pleading, motion, or other paper filed by Rodriguez that would warrant the imposition of a Rule 13 sanction. Rodriguez points out in his brief that if he were to prove an injury date of March 6, 1981, he would not be entitled to any relief because the IAB has not rendered a final decision regarding that claim. A claim asserting an injury date of March 6, 1981, would have no basis in law or fact.

Assuming that the October injury is properly before this court, we find that the trial court abused its discretion in ordering Rule 13 sanctions and dismissing Rodriguez's valid claim for which there exists a good faith argument. We REVERSE and REMAND.