**Luis Antonio PARRAS, Appellant,**

v.

**Randy McLELLAND, et al., Appellees.**

**No. 13–91–432–CV.**

Court of Appeals of Texas,
Corpus Christi.

Dec. 3, 1992.

Rehearing Overruled Jan. 7, 1993.

Joseph A. Connors, III, McAllen, Larry Watts, Watts & Company, Lawyers, P.C., Houston, for appellants.

Roger W. Hughes, Ferriel C. Hamby, Jr., Adams & Graham, Gordon L. Briscoe, Harlingen, Norton A. Colvin, Jr., Marjory C. Batsell, Rodriguez, Colvin & Chaney, Brownsville, Neil E. Norquest, McAllen, Robert D. Allen, Vial, Hamilton, Koch & Knox, Dallas, for appellees.

Before SEERDEN, DORSEY, and FEDERICO G. HINOJOSA, Jr. JJ.

OPINION

SEERDEN, Justice.

Appellant, Luis Antonio Parras, contests the trial court's order dismissing his case. Parras brings nineteen points of error complaining that the trial court abused its discretion when dismissing the lawsuit as a sanction for discovery abuse, and for failure to state a cause of action. The latter

resulted from the court's refusal to grant Parras's motion to file late answers to requests for admissions. Generally, all points of error complain of the type and adequacy of notice concerning the hearings held by the court. Parras claims error in the trial court's denial of his motion for a new trial and in allowing testimony concerning his attorney's prior alleged discovery abuse problems. We reverse and remand.

This lawsuit originated in the settlement of a libel claim against Juan Garza in a suit styled "Texas Commerce Bank v. Juan Garza," Cause No. C–295–86–A in Hidalgo District court. Garza filed suits for wrongful repossession against Texas Commerce Bank and Parras, an officer of the bank. Both parties answered and filed counterclaims alleging libel by Garza. After consolidation of the cases, Atlas & Hall became attorneys for both Texas Commerce Bank and Parras. The case was settled as to all claims and counterclaims.

After the settlement, Parras filed this lawsuit against Atlas and Hall, Morris Atlas and Charles Murray of Atlas and Hall, Texas Commerce Bank, its president, Randy McLelland, and the bank's insurance carriers. Parras generally alleged that he had not been properly represented in the original suit. Texas Commerce Bank and McLelland filed cross-actions for indemnity against their insurance companies. Discovery followed with Parras filing late responses to all discovery requests including requests for admissions, requests for production, and interrogatories.

On April 29, 1991, the trial court heard Parras's Motion for Leave to File Response to Requests for Admission out of Time or in the Alternative Motion to Withdraw Admissions Deemed Admitted. The defendants *en masse* opposed the motion to late file or withdraw deemed admissions and sought sanctions. The trial court refused to withdraw Parras's admissions and dismissed his action against all defendants. Following a second hearing on June 25,

1991, the trial court denied a timely filed motion for new trial and reconsideration of sanctions.[1]

The trial court dismissed the case on two separate bases. First, the court concluded that, as a result of deemed admissions, Parras was without a cause of action against any of the defendants. Second, the trial court found that Parras had grossly abused discovery.

## NO CAUSE OF ACTION BASIS

By points of error 3, 4 and 15, Parras generally complains of the lack of proper notice concerning the proceedings on April 29th. He specifically complains that the only matters before the trial court at the time of the dismissal were Plaintiff's Motion for Leave to File Response to Requests for Admission out of Time or in the Alternative Motion to Withdraw Admissions Deemed Admitted. Parras argues that although deemed admissions are powerful, they do not authorize judicial dismissal with prejudice. We agree that the dismissal of the case was error.

The Supreme Court of Texas held in *Texas Dep't of Corrections v. Herring*, 513 S.W.2d 6, 10 (Tex.1974) that "only after a party has been given an opportunity to amend after special exceptions have been sustained may the case be dismissed for failure to state a cause of action." *Accord Massey v. Armco Steel Co.*, 652 S.W.2d 932, 934 (Tex.1983); *see* Tex.R.Civ.P. 90 & 91. After sustaining special exceptions and before dismissing the case for failure to state a cause of action the trial court must give the pleader, as a matter of right, an opportunity to amend or to stand on the pleadings and test the validity of the ruling by appeal. *Herring*, 513 S.W.2d at 10; *Lara v. Lile*, 828 S.W.2d 536, 541 (Tex. App.—Corpus Christi 1992, writ denied); *Perez v. Kirk & Carrigan*, 822 S.W.2d 261, 269 (Tex.App.—Corpus Christi 1991, writ denied). The protective features of the special exception procedure should not be circumvented. *Herring*, 513 S.W.2d at 9–

---

1. A later order purporting to vacate the dismissal and grant a new trial was judicially ordered set aside through a mandamus proceeding. *See*

*McLelland v.Partida*, 818 S.W.2d 453, 456 (Tex. App.—Corpus Christi 1991, writ dism'd w.o.j.).

10. "When there is no action by the trial court sustaining special exceptions, an order granting a dismissal for failure to state a cause of action must be reversed." *Moseley v. Hernandez,* 797 S.W.2d 240, 242 (Tex.App.—Corpus Christi 1990, no writ).

The record in this case does not support the dismissal ordered by the trial court. Even though a dismissal may be appropriate, the record shows no action by the trial court sustaining special exceptions to insufficient pleadings. Nothing in the record shows that defendants ever filed special exceptions. Nothing in the record shows defendants filed a motion to dismiss or requested that a hearing be set to hear such motion.

*Herring* provides an exception to the general rule. When the plaintiff pleads facts which affirmatively negate his cause of action and cannot be cured by an amendment, the trial court may properly grant defendant's motion for summary judgment based on the pleading's failure to state a claim. This may be done without the necessity of special exceptions. *Herring,* 513 S.W.2d at 10; *Perez,* 822 S.W.2d at 268–69.

Under the exception provided in *Herring,* the record again fails to support the dismissal ordered by the trial court. Even though a summary judgment result may be appropriate for failure to state a cause of action, no defendant filed such a motion.

The bank appellees argue that the order of dismissal should be affirmed upon the independent ground that the order was alternatively entered as a judgment on the merits because there were judicially admitted facts which conclusively negated the existence of any claim or cause of action. They rely upon *Frierson v. Modern Mut. Health & Accident Ins. Co.,* 172 S.W.2d 389, 393 (Tex.Civ.App.—Waco 1943, writ refused w.o.m.). We agree that the legal effect of a party's failure to answer inquiries in its written request for admissions or in compliance with Rule 169 is to present the case to the trial court on the agreed statement of facts. *Id.* Additionally, we agree that it is the trial judge's duty to apply the law to the facts so established and render judgment accordingly. *Id.*

However, our present procedural facts are easily distinguishable from those in *Frierson.* In *Frierson* the trial court properly entered judgment applying the law to the "established facts" after a jury trial on the merits and after overruling appellee's motion for judgment notwithstanding the verdict. In the present case, the trial court entered the dismissal order before the merits of the case had been heard. More importantly, the trial court applied the law to the facts and dismissed Parras's case, even before a motion to dismiss or a motion for summary judgment was before the court.

The bank appellees also contend that because the effect of Parras's "deemed" admissions was to establish the non-existence of any factual or legal basis for a recovery, Parras could not plead a good cause of action even if given the opportunity to replead. They rely on *Lederman v. Cunningham,* 283 S.W.2d 108 (Tex.Civ.App.—Beaumont 1955, no writ). In *Lederman* the record affirmatively negated a cause of action (for "nuisance"), and the trial court granted the defendant's motion to strike the plaintiff's nuisance pleadings. *Id.* at 111–12. The motion to strike was defective because of its vagueness, leading the court of appeals to conclude that the trial court had erred in striking the pleadings. *Id.* at 111. Nevertheless, the appellate court held that the error of the trial court in striking the nuisance pleadings was harmless in view of the fact that the record affirmatively demonstrated the absence of a cause of action for nuisance. *Id.* at 112. The court stated;

> It affirmatively appearing of record that plaintiff could not plead a good cause of action on the basis of nuisance if given the opportunity to replead, the action of the trial court in sustaining defendants' motion to strike, even though improper because the motion was too general, does not require a reversal of the trial court's judgment.

*Id.*

We disagree with appellees' reliance on the above case. *Lederman* predates *Herring* which now controls this area of the law. Furthermore, in its analysis the *Led-*

*erman* court described the defendant's motion as if it were a special exception pursuant to Rule 90 rather than a motion to strike. As such, the plaintiff failed to amend his petition, choosing to stand on existing pleadings, and the trial court properly struck that portion of the pleading. The *Lederman* court's holding is, therefore, consistent with the later holding in *Herring*. Finally, in *Lederman*, the defendants did file a motion, albeit, a defective one. In the present case defendants filed no motion. Such an omission cannot be reconciled even under *Lederman*.

An order of dismissal for failure to state a cause of action is a harsh remedy, as is a summary judgment. Both must be strictly construed. *See International Ins. Co. v. Herman G. West, Inc.*, 649 S.W.2d 824 (Tex.App.—Austin 1983, no writ). This applies to application of procedural rules as well as to substantive matters. *Id.* at 826. Notice provisions must also be strictly construed. *See* Tex.R.Civ.P. 166a; *Wavell v. Caller–Times Publishing Co.*, 809 S.W.2d 633, 637 (Tex.App.—Corpus Christi 1991, writ denied). We understand the trial court's desire to expedite the proceeding since there had been numerous discovery and scheduling delays prior to the April 29th hearing; however, the procedure used was improper. In the absence of a motion for summary judgment there can be no summary judgment and when there is no action by the trial court sustaining exceptions, an order granting a dismissal for failure to state a cause of action must be reversed.

### ABUSE OF DISCOVERY BASIS

We also review the trial court's dismissal on the separate basis of discovery abuse. Generally, the court found plaintiff grossly abused discovery. More specifically, the trial court found that Parras failed to establish good cause for the late-filed responses to defendants' other discovery requests.

By points of error 3, 4, 18 and 19, Parras generally complains that standards set out

in *TransAmerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913 (Tex.1991), were not met. By sub-parts of two points of error, Parras specifically complains that the trial court erred in assessing the harshest sanction for alleged discovery abuse before considering the availability of less stringent sanctions.

Rule 215 authorizes the imposition of sanctions upon persons who abuse the discovery process. Tex.R.Civ.P. 215; *Braden v. Downey*, 811 S.W.2d 922, 928 (Tex.1991). In subdivisions 2(b) and 3, Rule 215 provides:

> 2.(b) If a party ... fails to comply with proper discovery requests ... the court in which the action is pending may, after notice and hearing, make such orders in regard to the failure as are just, and among others the following:
>
> 2.(b)(5) An order ... dismissing with or without prejudice the action or proceedings or any part thereof, ... against the disobedient party; and
>
> 3. If the court finds a party is abusing the discovery process in seeking, making or resisting discovery ... then the court in which the action is pending may, after notice and hearing, impose any appropriate sanction authorized by paragraphs (1), (2), (3), (4), (5), and (8) of paragraph 2b of this rule. Such order of sanction shall be subject to review of appeal from the final judgment.

In *TransAmerican*, the Supreme Court of Texas set out a two-pronged test for determining whether a "death penalty" sanction for discovery abuse is "just."[2] First, a direct relationship must exist between the offensive conduct and the sanction imposed. *TransAmerican*, 811 S.W.2d at 917. Second, a sanction must not be excessive. *Id.* Orders imposing sanctions shall be subject to review on appeal from the final judgment. *Braden*, 811 S.W.2d at 928; Tex.R.Civ.P. 215.

■ Under the second prong of the *TransAmerican* test, the punishment should fit the crime. A discovery abuse

---

**2.** Sanctions under Rule 215 must be "just" or "appropriate." The Supreme Court of Texas

equates "appropriate" and "just." *TransAmerican*, 811 S.W.2d at 917.

sanction should be only as severe as necessary to achieve its legitimate purpose. *TransAmerican,* 811 S.W.2d at 917. In addition, the trial court must first consider whether less stringent sanctions would be appropriate and fully promote compliance. *Id.*

Nothing in the record indicates that the trial court considered the imposition of lesser sanctions or that such sanctions would not have been effective. There is no finding in the trial court's dismissal order stating less stringent sanctions had been considered. The *TransAmerican* standard must be applied when the trial court imposes "death penalty" sanctions on the basis of abuse of the discovery process.[3] We, therefore, sustain points 3B12, 18A, and 18B.

Due to our disposition on the points of error discussed, we find it unnecessary to discuss appellant's other points of error. *See* Tex.R.App.P. 90(a).

The case is reversed and remanded.

---

3. The record reflects that the learned trial judge did not have the benefit of *TransAmerican* until it was brought to his attention on July 10, 1991 by Parras in Plaintiff's Motion for Court to Enter Order Since Sanctions Law is Changing. After reviewing Parras' motion, the trial court entered an order vacating, modifying, correcting and setting aside its earlier orders entered on April 29, 1991 and June 28, 1991. The July 31, 1991 order granted Parras a new trial. Additionally, it ordered that a hearing be set to comply with the standards and rules set forth in *TransAmerican.* Unfortunately, the trial court signed the order after it had lost plenary power. *See McLelland v. Partida,* 818 S.W.2d 453, 456 (Tex.App.—Corpus Christi 1991, writ dism'd w.o.j.).