IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-361-CV





MARVIN MILLER AND RICHARD MILLER, ET AL.,



 APPELLANTS


vs.





MARK PRANGE, M.D.,



 APPELLEE



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT



NO. 489,800-A, HONORABLE PETE LOWRY, JUDGE PRESIDING



 





 Marvin Miller and Richard Miller appeal from a sanction order obtained by Mark
Prange. (1) We will affirm the order.



THE CONTROVERSY


 On August 17, 1989, in Gonzales County Memorial Hospital, Rosemary Tealer
received an anesthetic. She began to expire. A physician attempted resuscitative efforts and
called for Prange, a physician in another part of the hospital, to assist. When Prange found Tealer
in the intensive-care unit, she was "brain dead," her pupils were fixed and dilated, and she had
no respiration, blood pressure, or pulse. Tealer did not revive.

 Lucille Bingley became administratrix of Tealer's estate and guardian of the persons
and estates of Tealer's minor children, Linda Marie Harper and Sharon Denise Harper. In those
capacities, Bingley engaged the Millers, who are licensed attorneys, to sue in Gonzales County
district court the hospital and three individuals who were connected with Tealer's death. After
a year, Bingley and the Millers settled and compromised the claims against the hospital and took
a non-suit in their claims against the three individuals. Shortly afterwards, the Millers, on
Bingley's behalf, sued the three individuals in Travis County, along with Prange who is a resident
of the county. The Millers alleged that Prange's negligent care and treatment of Tealer was a
direct and proximate cause of various injuries to Tealer and her children.

 Approximately eighteen months later, Prange's attorney took the deposition of the
Millers' expert witness. The expert conceded that any act or omission occurring after Tealer's
transfer to the intensive-care unit, where Prange first saw her, could not have contributed to her
death. On this testimony, Prange moved for summary judgment and for the imposition of
sanctions against the Millers based on their filing an original petition and an amended petition that
were groundless and brought in bad faith or for harassment. See Tex. R. Civ. P. 13. The Millers
opposed the motion for sanctions but not the motion for summary judgment.

 The trial court, after hearing, granted Prange's motion for summary judgment. 
After an evidentiary hearing, the trial court ordered as a sanction that the Millers pay Prange
$10,000 within 30 days. The court imposed no sanction against Bingley. The Millers appeal
from the sanction order. (2)


DISCUSSION AND HOLDINGS


 Rule 13 of the Texas Rules of Civil Procedure provides that an attorney's signature
on a pleading, motion, or other paper constitutes a certificate "that to the best of [his] knowledge,
information, and belief formed after reasonable inquiry the instrument is not groundless and
brought in bad faith or groundless and brought for the purpose of harassment." Tex. R. Civ. P.
13 (emphasis added). The trial court must presume that any instrument is filed in good faith;
however, if the instrument was signed in violation of the rule, the trial court may, after notice and
hearing and for good cause shown, "impose an appropriate sanction available under Rule 215-2b
upon the person who signed the instrument." Id. The "particulars" of the "good cause" must be
stated in the sanction order. Id. "Groundless," for the purposes of Rule 13, "means no basis in
law or fact and not warranted by good faith argument for the extension, modification, or reversal
of existing law." Id.

 The scope of appellate review under Rule 13 is whether the trial court abused its
discretion, either as to the sanction chosen or as to the imposition of any sanction at all; that is
to say, the issue is not whether the appellate court would have decided the matter differently. 
Rodriguez v. State Dep't of Highways & Pub. Transp., 818 S.W.2d 503, 504 (Tex. App.--San
Antonio 1991, no writ); Home Owners Funding Corp. v. Scheppler, 815 S.W.2d 884, 889 (Tex.
App.--Corpus Christi 1991, no writ); Cloughly v. NBC Bank-Seguin, N.A., 773 S.W.2d 652, 656
(Tex. App.--San Antonio 1989, writ denied).

 In their second and third points of error, the Millers attack the "particularity" of
the supporting statements contained in the sanction order. They argue it is not possible from the
face of the order to determine what specific conduct on their part amounts to "good cause"
justifying the sanction imposed and this lack of specificity deprives them of meaningful appellate
review. Moreover, the Millers contend, the supporting statements are fatally flawed because they
omit to identify the "particular pleading, motion, or other paper" shown to be in violation of Rule
13.

 The trial court stated in the order that it based its finding of good cause on the
following: (1) Prange did not see Tealer until resuscitative efforts had been ongoing for about an
hour; (2) Tealer was brain dead when Prange arrived; (3) the Millers' counsel made no attempt
to establish a basis for Prange's liability after the filing of the original petition in the present
cause; (4) the Millers made Prange a defendant "merely for purposes of venue" and not because
they had substantive evidence showing liability for negligence or otherwise; (5) the Millers'
counsel made Prange a defendant without further investigation after Prange was identified, in a
deposition taken in the earlier suit, as a "treating physician;" (6) Prange had incurred in the
present cause reasonable and necessary attorney's fees totaling $10,000; (7) these fees were
incurred as a result of the Millers' failure to conduct a reasonable inquiry into the basis of their
allegations against Prange; and (8) the Millers' suit against Prange was groundless and brought
in bad faith. We hold these statements in the order to be sufficient compliance with Rule 13.

 The trial court's reasoning is transparent in our view, and the supporting statements
do not hinder appellate review. See Powers v. Palacios, 771 S.W.2d 716, 719 (Tex.
App.--Corpus Christi 1989, writ denied) (even absent recital of findings in support of good cause,
error not reversible when trial court did not obscure its reasoning at hearing and order did not
prevent proper presentation to appellate court under Tex. R. App. P. 81(b)(1)); cf. Watkins v.
Pearson, 795 S.W.2d 257, 260 (Tex. App.--Houston [14th Dist.] 1990, writ denied) (mere
recitation that good cause was shown is insufficient compliance with the rule). The trial court
based its determination of good cause on its conclusion of law that the suit against Prange was
"groundless" in the requisite sense that it was brought without reasonable inquiry that revealed
some basis upon which Prange might be liable for negligence. This conclusion of law and the
amount of the sanction imposed are based, in turn, upon the preceding fact findings one through
seven.

 We find no authority for the proposition that the sanction order must expressly
identify the particular pleading or other instrument found to be in violation of Rule 13. In this
case, it is abundantly clear that the sanction order refers to the documents upon which Prange
moved for the imposition of sanctions--the Millers' original petition and their first amended
original petition. The Millers, in their response, joined issue on those documents. The Millers'
reliance upon Rodriguez v. State Department of Highways & Public Transportation is misplaced. 
In that decision, the sanction order was not reversed for a want of particularity; rather, it was
reversed because the appellate court determined the plaintiff had alleged an arguable claim. 
Rodriguez, 818 S.W.2d at 505. We overrule the Millers' second and third points of error.

 In points of error four through six, the Millers attack the legal and factual
sufficiency of the evidence in support of the sanction order. They contend there is no evidence
or insufficient evidence to show that good cause existed for the imposition of sanctions or that
they failed to make reasonable inquiry before suing Prange. (3)

 The Millers direct their complaints at evidence received in a hearing the trial court
conducted on Prange's motion for sanctions. At the hearing, the trial court received as exhibits
the whole or parts of deposition transcriptions, a hospital record, answers to interrogatories, and
the testimony of Marvin Miller, Richard Miller, and Prange's attorney Gregg Brown. In our
discussion, we will refer to "testimony" irrespective of whether it was received from reading part
of a deposition transcription into evidence, from the introduction of a whole transcription into
evidence without objection, or from original testimony given at the hearing. We need only refer
to the trial-court finding that the Millers failed to make a reasonable inquiry, that being the good
cause upon which the trial court imposed the sanction. The purpose of Rule 13 is to "insure that
at the time the challenged pleading was filed the litigant's position was factually well grounded
and legally tenable." Home Owners Funding Corp., 815 S.W.2d at 889. In that connection, the
trial court was obliged to "examine the facts available to the litigant and the circumstances existing
at the time the pleading is filed." Id.

 Looking only to that part of the record that supports the trial-court determinations,
we find the following evidence relative to whether the Millers made a reasonable inquiry before
filing suit against Prange: the Millers had previously filed the Gonzales County suit; they had not
made Prange a defendant in that suit even though he had been identified as a "treating physician"
in a deposition taken in that suit; the Millers made no inquiry of what Prange had done or omitted
to do as a "treating physician" who cared for Tealer; the Millers believed venue would be more
favorable to their cause in Travis County; after taking a non-suit in the Gonzales County suit, the
Millers sued the non-settling defendants, along with Prange, in Travis County. We believe the
trial court could reasonably find that the Millers failed to make a reasonable inquiry before suing
Prange. We therefore overrule the Millers' points of error four through six as to their no-evidence contentions.

 Looking to the entire record, we find the following additional evidence: Richard
Miller testified the Millers were unaware of Prange's involvement in the episode until an
individual defendant in the Gonzales County suit revealed, in the course of discovery, that Prange
was a "treating physician." The hospital records did not show that "fact," but the hospital's
attorney corroborated the "fact" and told Miller that Prange was a resident of Travis County. 
Based solely upon the foregoing, the Millers added Prange as a defendant when they filed the
Travis County suit. Miller believed the foregoing amounted to a reasonable inquiry.

 Miller conceded he knew of no act or omission which constituted negligence on
Prange's part, even at the time he filed suit against Prange for negligence. He conceded as well
that an attorney should not sue a person only because a defendant in a pending case identified that
person as a potential defendant. He conceded that he would not have sued Prange if he had
known Tealer was dead when Prange first saw her and that he sued Prange based on what was
"probably an incorrect answer" given as a discovery response by an individual defendant--"I found
that out [that the answer was incorrect] when I brought Prange into this lawsuit and served him
with interrogatories." The Millers characterize this realization as "hindsight" and not information
available at the time they filed their suit. At the time Prange was made a defendant, however, a
year remained before any action would be barred by limitations. In determining whether Rule 13
was violated for want of a reasonable inquiry, a trial court may consider whether an attorney had
sufficient time to prepare a petition or had only a few days before expiration of the limitations
period. Home Owners Funding Corp., 815 S.W.2d at 889. "The latter [situation] may cause a
trial court to determine that the prefiling investigation was reasonable, the former may not." Id. 
The evidence suggests no reason why an inquiry could not have been made, as to Prange's
conduct in the episode, before the Millers filed the Travis County suit.

 Based on the foregoing, we believe the trial court could reasonably conclude: (1)
the Millers did not sue Prange based on negligent acts or omissions they had discovered after
reasonable inquiry; and (2) they sued Prange, instead, to obtain a favorable venue in Travis
County. We therefore overrule the Millers' insufficient-evidence contentions in points of error
four through six.

 In points of error seven through ten, the Millers contend the $10,000 sanction,
equal to the attorney's fees Prange incurred, is unreasonable, excessive, and not supported by the
evidence. A sanction must be "just" in the sense that the sanction is not excessive and bears a
direct relationship to the offensive conduct. TransAmerican Natural Gas Corp. v. Powell, 811
S.W.2d 913, 917 (Tex. 1991); see also Tex. R. Civ. P. 215-2b(8). Prange proved the necessity
and reasonableness of $10,000 in attorney's fees, thus establishing a direct relationship between
the offensive conduct and the sanction chosen by the trial court. The same proof demonstrated
that the sanction was not excessive.

 The Millers argue that Prange's eighteen-month delay, before taking the deposition
of their medical expert and moving for summary judgment, resulted in unnecessary attorney's
fees. This is an attack on the evidentiary foundation of the trial court's conclusion that the amount
of $10,000 was a "reasonable and necessary" attorney's fee in the case. The record contains no
underlying facts showing the trial court's reasoning in arriving at the $10,000 figure. The
calculation of attorney's fees requires a consideration and orchestration of a variety of factors. 
In the absence of fact findings by the trial court, or some other indication of the court's reasoning
in that regard, we must presume the court properly weighed and orchestrated the eighteen-month
delay among all the relevant factors. It was the Millers' burden to show the trial court's reasoning
if they were to show the necessary abuse of discretion; we cannot assume the trial court omitted
entirely to consider the eighteen-month delay as a relevant factor. See Landon v. Jean-Paul
Budinger, Inc., 724 S.W.2d 931, 941 (Tex. App.--Austin 1987, no writ). We therefore overrule
points of error seven through ten.

 In their first point of error, the Millers contend generally that the trial court erred
in imposing the sanction. Finding no error in the record, we overrule the point.

 In a single cross-point, Prange requests that we impose sanctions against the Millers
for taking a frivolous appeal. See Tex. R. App. P. 84. An appellate court should not impose
frivolous-appeal sanctions unless the record clearly indicates the appellant has not pursued the
appeal in good faith and has no reasonable expectation that the judgment will be reversed. See
Finch v. Finch, 825 S.W.2d 218, 226 (Tex. App.--Houston [1st Dist.] 1992, no writ). Although
we have held that none of appellants' points of error should be sustained, we cannot say this
appeal was taken solely for delay and without sufficient cause, as is required for the imposition
of such sanctions under the appellate rules. We therefore overrule the cross-point.

 We affirm the trial-court order.



 

 John Powers, Justice

[Before Justices Powers, Kidd and B. A. Smith]

Affirmed

Filed: July 7, 1993

[Do Not Publish]
1. The Millers are joined in the appeal by Lucille Bingley in her capacity as Administratrix of
the Estate of Rosemary Tealer and Guardian of the Persons and Estates of Linda Marie Harper
and Sharon Denise Harper, Minor Children. Bingley does not, however, assert any points of
error.
2. A sanction order becomes appealable after final judgment in the cause. Felderhoff v.
Knauff, 819 S.W.2d 110, 111 (Tex. 1991) (per curiam). In the present cause, the trial court, in
a document entitled "Final Summary Judgment," granted "summary judgment . . . with respect
to all claims of the Plaintiffs against Mark Prange, M.D." The document does not order expressly
that the plaintiffs take nothing; we hold, however, that it implies a termination of the controversy
insofar as Prange is concerned and results in an appealable judgment owing to the trial court's
order severing the claims against Prange from those alleged against the other defendants. That
the summary judgment omits to incorporate the sanction order does not alter the finality of the
judgment. See Goad v. Goad, 768 S.W.2d 356, 358 (Tex. App.--Texarkana 1989, writ denied),
cert. denied, 493 U.S. 1021 (1990). We are thus satisfied that we have jurisdiction to determine
the appeal. 
3.   Although findings of fact are normally reviewed by the same standard applicable to jury
verdicts, the standard differs for trial-court findings made in support of a sanction order. See
Chrysler Corp. v. Blackmon, 841 S.W.2d 844, 852 (Tex. 1992, orig. proceeding) (adopting
standard in U.S. Fidelity & Guar. Co. v. Rossa, 830 S.W.2d 668 (Tex. App.--Waco 1992, writ
denied)). In the sanction context, an appellate court is not limited to reviewing the evidence to
support the findings; rather, it "make[s] an independent inquiry of the entire record to determine
if the court abused its discretion in imposing the sanction." Rossa, 830 S.W.2d at 672. 
Therefore, our review of the record in this cause may include examination of the "evidence,"
written discovery on file, arguments of counsel, and the circumstances surrounding the act for
which the sanction was imposed. See id.