**Esiquiel RODRIGUEZ, Appellant,**

v.

**STATE DEPARTMENT OF HIGHWAYS AND PUBLIC TRANSPORTATION, Appellee.**

No. 13–92–299–CV.

Court of Appeals of Texas, Corpus Christi.

Aug. 31, 1993.

William A. Kershner, San Leon, M.V. Dunnam, Jr., Waco, for appellant.

Hector J. Flores, Asst. Atty. Gen., Dan Morales, Atty. Gen., Will Pryor, First Asst. Atty. Gen., Mary F. Keller, Deputy Asst. Atty. Gen., Richard D. Naylor, Chief, Highway Div., Atty. General's Office, Austin, for appellee.

Before SEERDEN, C.J., and NYE [1] and GILBERTO HINOJOSA, JJ.

## OPINION

SEERDEN, Chief Justice.

Rodriguez appeals from a directed verdict granted against him and in favor of State Department of Highways and Public Transportation in a worker's compensation case.[2] We reverse and remand.

By two points of error, Rodriguez complains that the trial court erred in granting appellee's motion for directed verdict and that the court violated his right to trial by jury.

In March 1981, Rodriguez received an electric shock to his right shoulder while working for appellee. While at work on October 26, 1981, Rodriguez again injured his right shoulder when the wind caught a sign he was holding and pulled his right arm back behind his head. Rodriguez reported his October injury to appellee and the Industrial Accident Board (IAB), and was awarded $2,902.98. Appealing from this award, Rodriguez filed suit against appellee for worker's compensation.

In May 1990, during the discovery process, Rodriguez responded to interrogatories by answering that the only accident which was the subject of this suit, occurred from an electric shock he sustained in March 1981. Rodriguez did not supplement his answers. He filed subsequent amended petitions, his second on July 6, 1990 and his third on April 21, 1992, identifying the accident in question as the one occurring on October 26, 1981.

---

1. Former Chief Justice, retired April 30, 1993.

2. In October 1991, Rodriguez appealed to this court from a Rule 13 sanction which dismissed the case with prejudice for filing a groundless pleading. *See Rodriguez v. State Department of Highways and Public Transportation*, 818 S.W.2d 503 (Tex.App.—Corpus Christi 1991, no writ). We reversed and remanded, finding that the trial court abused its discretion in dismissing Rodriguez's valid claim for which there existed a good-faith argument. The petition asserted an injury date of on or about October 26, 1981. *Rodriguez*, 818 S.W.2d at 505.

At a jury trial, Rodriguez testified about the March incident without objection from appellee. When asked to tell the jury what happened on October 26, 1981, appellee objected "to any discussion by Mr. Rodriguez about the accident or injuries occurring on October 26th, 1981, for specific reasons which I think at this time I need to approach the Bench." The discussion was held outside the hearing of the jury and off the record. The court overruled appellee's objection. Appellant then testified about the October injury. After both sides rested and closed, the court, after considering the law and lack of evidence, granted appellee's motion for directed verdict, and entered judgment that Rodriguez take nothing.

By his first point of error, Rodriguez contends that the trial court erred in directing the verdict. Appellee based its motion for directed verdict on the following: 1) Rodriguez failed to answer appellee's discovery properly and should not be allowed to put on testimony concerning his October injury, and 2) Rodriguez introduced no evidence of permanent and total disability resulting from the October injury. On appeal, in support of its first basis, appellee contends that by not supplementing his answers to inform appellee that he was going to testify to an October accident, Rodriguez reinforced his sworn response to his interrogatories and misled appellee. *See* Tex.R.Civ.P. 166(b)(6)(a).

The trial judge did not specifically say that he was disregarding Rodriguez's testimony. However, in considering the propriety of the directed verdict, we assume that he did so. Otherwise, the record before this court which includes appellee's testimony concerning such injury contains ample evidence of the October injury, and there is no basis for a directed verdict.

Relying on *Alvarado v. Farah Mfg. Co.,* 830 S.W.2d 911, 914 (Tex.1992), appellee maintains that Texas sanction rule 215(5) [3] is mandatory in this instance and, as written, prescribes a single sanction—the exclusion of evidence—for failing to supplement discovery. However, *Alvarado* further explains that "[t]he consequences of the rule should not be harsher in any case than the vice the

rule seeks to correct. [T]he trial court should have a range of sanctions available to it to enforce rules without injustice. 'The punishment should fit the crime.'" *Alvarado,* 830 S.W.2d at 915 (quoting *TransAmerican Natural Gas Corp. v. Powell,* 811 S.W.2d 913, 917 (Tex.1991)). There is no doubt that without the testimony of Rodriguez, there was no case to present.

■ Because the trial court's action effectively prevents the presentation of the case, we determine its appropriateness by utilizing the two-pronged standard set forth in *TransAmerican:* 1) a direct relationship must exist between the offensive conduct and the sanction imposed, and 2) a sanction must not be excessive. *TransAmerican,* 811 S.W.2d at 917. Under *TransAmerican's* second prong, a sanction should fit the crime and be only as severe as necessary to achieve its legitimate purpose. *Id.; Parras v. McLelland,* 846 S.W.2d 44, 47–48 (Tex.App.—Corpus Christi 1992, writ denied); *see Alvarado,* 830 S.W.2d at 915. Additionally, the trial court should consider the availability of lesser sanctions. *TransAmerican,* 811 S.W.2d at 917; *Parras,* 846 S.W.2d at 48.

■ Nothing in the record indicates that the trial court considered a lesser sanction. In this case, nothing justifies disregarding Rodriguez's testimony as a sanction. We conclude that the trial court erred in directing a verdict for appellee on the basis that Rodriguez failed to answer appellee's discovery properly and should not be allowed to put on testimony as to the October injury.

As a second basis for its motion for directed verdict and in its appellate argument, appellee maintains that Rodriguez introduced no evidence that permanent and total disability resulted from the October injury.

■ In reviewing the granting of a directed verdict by the trial court on an evidentiary basis, this court will determine whether there is any evidence of probative force to raise material fact issues. *Collora v. Navarro,* 574 S.W.2d 65, 68 (Tex.1978). This court considers all of the evidence in a light most favorable to the party against whom the ver-

---

**3.** Tex.R.Civ.P. 215(5).

dict was instructed, disregards all contrary evidence and inferences, and gives the losing party the benefit of all reasonable inferences arising therefrom. *See White v. Southwestern Bell Tel. Co.*, 651 S.W.2d 260, 261 (Tex. 1983).

In the instant case, Rodriguez testified that since the October incident he has been unable to do any heavy lifting with his right shoulder. He maintained that the October accident aggravated his March 1981 work-related injury and that he has not been able to lift with that shoulder since then. He avowed that everything he lifts hurts him, even lifting the end of a table. Even moderate lifting causes pain and aching in his shoulder at night. He testified that he has been a workman all of his life doing the usual tasks of a workman. Rodriguez had worked for appellee approximately twenty years when terminated. He has always been right handed. There is evidence of probative force which raises a fact issue of whether Rodriguez's injury of October 26, 1981 resulted in permanent and total disability.

Relying on *Griffin v. Superior Ins. Co.*, 161 Tex. 195, 338 S.W.2d 415 (1960), appellee further contends that Rodriguez testified that he was not permanently and totally incapacitated, and, as long as the admission stands unretracted, it is accepted as true by the court and jury and binding on the party making it. In *Griffin*, the court concluded that plaintiff's testimony was a judicial admission which barred recovery of [worker's] compensation under the facts of the case. *Id.*, 338 S.W.2d at 418. No other evidence on this point appeared in the record. *Id.*

*Griffin* also supports the propositions that 1) if a party testifies to a fact which negatives his right of action or defense, *and* no more favorable testimony appears to contradict or modify it, he is bound by it regardless of its credibility, and 2) if a party testifies to a concrete fact, not as an opinion ... his opponent may hold him to it as an informal judicial admission. *Id.*, 338 S.W.2d at 418.

The record supports the conclusion that Rodriguez's additional testimony contradicts his statement that he was not permanently and totally incapacitated. His testimony that he was permanently and totally incapacitated could have been a mere mistake or a misunderstanding. It could also be concluded that his statement was an opinion of his condition and not testimony to a concrete fact.

Accordingly, we sustain Rodriguez's first point of error. Due to our disposition on this point of error, we find it unnecessary to discuss Rodriguez's second point. *See* TEX. R.APP.P. 90(a).

The case is reversed and remanded.

Former Chief Justice NYE not participating.