NUMBER
13-00-00748-CV

 

                             COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                      CORPUS CHRISTI B EDINBURG

 

JAMES RUDISELL,                                                              Appellant,

 

                                                   v.

 

JAMES PAQUETTE,                                                            Appellee.

 

     On appeal from the 319th District Court of
Nueces County, Texas.

 

 

                                   O P I N I O N

 

                  Before Justices Dorsey, Hinojosa, and
Rodriguez

                                 Opinion by
Justice Hinojosa

 

 








This is an appeal from an order
granting sanctions against appellant, James Rudisell, and his attorney[1]
for filing an ex parte motion to vacate a writ of possession and failing
to appear for a hearing on the motion. 
By a single point of error, appellant contends the trial court erred in
granting sanctions against him under either Texas Rule of Civil Procedure 13 or
chapter 10 of the Texas Civil Practice and Remedies Code because: (1) there is
no evidence that the motion to vacate the writ of possession was A(a) groundless and brought in bad
faith, or (b) groundless and brought for purposes of harassment;@ (2) there is no evidence that he,
individually, violated rule 13; (3) there is no evidence that the motion to
vacate writ of possession violated chapter 10; (4) he was not given due and
proper notice, and thus was denied his due process rights under Texas law; and
(5) the sanctions order is deficient because it fails to state the specific
reasons for the sanctions and does not contain any findings of fact or
conclusions of law.  We reverse and
remand.

                                                A.  Background








This case originated as a tax suit
brought by the governmental taxing authorities of Nueces County against Gene
Crane, the record owner of the subject real property, for the non-payment of
city and county taxes.  A judgment was
rendered in favor of the governmental units, and they sold the property at
public auction to appellee, James Paquette. 
Appellee obtained a writ of possession on the property and was in the
process of executing it when appellant filed his AMotion
to Vacate Writ of Possession@ in the trial court.  In the motion, appellant also requested that
the trial court grant an immediate stay of the writ of possession.  The trial court granted the requested stay and
set the motion for hearing on November 8, 2000. 
Appellee filed a response asserting that the motion to vacate was a
frivolous and harassing pleading, having no basis in law or fact, and
requesting that the court impose sanctions against appellant under rule 13 of
the rules of civil procedure and/or chapter 10 of the civil practice and
remedies code in an amount equal to the costs and expenses associated with the
canceled execution of the writ of possession. 
See Tex. R. Civ. P. 13; Tex. Civ. Prac.
& Rem. Code Ann.
''10.001-10.005 (Vernon Supp. 2002).

On November 8, 2000, neither
appellant nor his trial counsel appeared in court to present the motion to
vacate.  After finding that appellant had
notice of the hearing, the trial court heard evidence and signed an order
reinstating the writ of possession. 
However, in order to give appellant an opportunity to explain his
absence, the court decided not to rule on appellee=s motion for sanctions for five
days.  On November 9, 2000, appellant
filed a motion to reconsider, but the motion did not address appellant=s failure to appear for the
November 8 hearing.  The trial court
granted appellee=s request for sanctions and signed
the following order on November 16, 2000:

On November 8, 2000 came on for
consideration the Motion of James Rudisell to Vacate a Writ of Possession.  James Rudisell totally failed to appear
personally or by his attorney Michael Williams. 
The owner of the property James Paquette, was represented personally and
by and through his attorney Paula S. Waddle. 
The Court, having heard sworn testimony of Respondent James Paquette
concerning his ownership of the property, efforts to take possession of the
property and costs and expenses thereof in the amount of $702.27, and from his
attorney, Paula S. Waddle, concerning the amount and reasonableness of her
attorney fees in the amount of $3,200.00, and it appearing that the Request for
Sanctions in Respondent=s Response has merit and it further
appearing that more than five (5) days have elapsed since the hearing on the
Response and Paquette=s request for sanctions contained
in his
Response, it is hereby
granted in all things.

 

IT IS HEREBY ORDERED THAT Paula S.
Waddle, attorney for Respondent shall receive $3,200.00 for legal fees and
costs as sanctions, and James Paquette, Respondent, shall receive $702.27 for
his travel costs and expenses as sanctions, from Movant and his counsel Michael
Williams, for which let execution lie.

 

All relief not granted is hereby
denied.

 

                                              B.  Sanction
Order








In the fifth sub-point of his sole
point of error, appellant contends the trial court erred in granting sanctions
against him under either Texas Rule of Civil Procedure 13 or chapter 10 of the
Texas Civil Practice and Remedies Code because the sanction order is
deficient.  Specifically, appellant
asserts the sanction order does not state the specific reasons for the
sanctions and fails to include findings of fact and conclusions of law.

                                             1.  Preservation of Error

On December 11, 2000, appellant
filed a motion for new trial arguing, inter alia, that his motion to
vacate the writ of possession was legally supportable on the basis that the writ
of possession had been improperly issued pursuant to a repealed statute.  Appellant detailed the statutory evidence in
support of his claim and asserted that his claim had merit.

This Court has recently held that
such a complaint is sufficient to preserve an issue for appellate review.  See West v. Maint. Tool
& Supply Co., No. 13-99-00271-CV, 2002 Tex.
App. LEXIS 6458, at *29 (Corpus Christi August 30, 2002, no pet. h.)
(construing such a complaint as challenging both the
form of the order by questioning its failure to meet the particularity
requirements of rule 13, and the sufficiency of the evidence to support the
imposition of sanctions).  Accordingly,
we hold that appellant=s complaint of the trial court=s sanction order was preserved
through his motion for new trial.  See
id. (citing Gorman v. Gorman, 966 S.W.2d
858, 867 (Tex. App.BHouston [1st Dist.] 1998, pet.
denied)).

2. 
Standard of Review








Imposing an available sanction is
left to the sound discretion of the trial court.  Koslow=s
v. Mackie, 796 S.W.2d 700, 704 (Tex. 1990).  Thus, we review the trial court=s actions under an abuse of
discretion standard of review.  Home
Owners Funding Corp. of Am. v. Scheppler, 815 S.W.2d 884, 889 (Tex. App.BCorpus Christi 1991, no writ).  The test for determining whether the trial
court abused its discretion is whether it acted without reference to any
guiding rules and principles; in other words, whether the act was arbitrary or
unreasonable.  Downer
v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985).

3. 
Rule 13

Rule 13 authorizes a trial court to
impose sanctions against an attorney, a represented party, or both, who file a
groundless pleading brought in bad faith or brought for the purpose of
harassment.  Tex. R. Civ. P.
13.  The rule defines Agroundless@ as having Ano basis in law or fact and not
warranted by good faith argument for the extension, modification, or reversal
of existing law.@ 
Id.  In determining whether
sanctions are appropriate, the trial court must examine the facts available to
the litigant and the circumstances existing when the litigant filed the
pleading.  Alejandro
v. Bell, No. 13-01-00266-CV, 2002 Tex. App. LEXIS 6164, at *18 (Corpus
Christi August 22, 2002, no pet. h.).








The rule further dictates that A[n]o sanctions under this rule may
be imposed except for good cause, the particulars of which must be stated in
the sanction order.@ 
Tex. R.
Civ. P. 13; Rodriguez v. State
Dep=t of Highways & Pub.
Transp., 818 S.W.2d 503, 505 (Tex. App.BCorpus Christi 1991, no writ).  In order for a trial court to act within its
discretion to impose rule 13 sanctions, it must state with particularity good
cause for finding that the pleadings upon which the sanctions are based were
groundless and brought in bad faith or for purposes of harassment.  Gorman, 966 S.W.2d
at 867.

In reviewing an award of sanctions,
we ordinarily look to the particulars of good cause set out in the sanction
order.  Woodward v. Jaster, 933
S.W.2d 777, 782 (Tex. App.BAustin 1996, no writ).  This particularity requirement serves several
important purposes.  First, it ensures
that the trial court is held accountable and adheres to the standard of the
rule.  Thomas v. Thomas, 917
S.W.2d 425, 432 (Tex. App.BWaco 1996, no writ).  Second, it requires the trial court to
reflect carefully on its order before imposing sanctions.  Friedman & Assocs., P.C. v. Beltline
Rd., Ltd., 861 S.W.2d 1, 2 (Tex. App.BDallas 1993, writ dism=d by agr.).  Third, it informs the offending party of the
particular conduct warranting sanction for the purpose of deterring similar
conduct in the future.  Id. at
2-3.  And fourth, it enables the
appellate court to review the order in light of the particular findings made by
the trial court.  GTE
Communications Sys. Corp. v. Curry, 819 S.W.2d 652, 654 (Tex.
App.BSan Antonio 1991, orig.
proceeding).

In this case, the trial court=s order does not state any facts or
particulars warranting good cause for the imposition of sanctions.  While it does state that appellee=s request for sanctions appears to
have Amerit,@ the order fails to specify any
finding that the pleadings upon which the sanctions were based were groundless
and brought in bad faith or for purposes of harassment, as required by the
rule.  See Tex. R. Civ. P. 13.








The sanction order notes that
appellant failed to attend the November 8, 2000 hearing, however, we are not
convinced that this conduct, having nothing to do with the groundlessness of
any pleading or motion, justifies or supports an award of sanctions under rule
13.  We conclude the trial court=s failure to state the particulars
of good cause in the sanction order amounts to non-compliance with rule
13.  See Thomas, 917 S.W.2d at 433. 
Accordingly, we hold the trial court abused its discretion by failing to
comply with rule 13.  See Tarrant
County v. Chancey, 942 S.W.2d 151, 155 (Tex. App.BFort Worth 1997, no writ); Kahn
v. Garcia, 816 S.W.2d 131, 132-33 (Tex. App.BHouston
[1st Dist.] 1991, orig. proceeding); Watkins v. Pearson, 795 S.W.2d 257,
260 (Tex. App.BHouston [14th Dist.] 1990, writ
denied) (holding that failure to state the particulars of good cause in a
sanction order renders it unenforceable).

We must now determine whether the
trial court=s error is harmful.  See Powers v. Palacios, 771 S.W.2d
716, 719 (Tex. App.BCorpus
Christi 1989, writ denied) (conducting harmless error analysis after finding
rule 13 sanction order deficient).  We
will not reverse a judgment on appeal Aon the ground that the trial court
made an error of law unless [we] conclude that the error complained of: (1)
probably caused the rendition of an improper judgment; or (2) probably
prevented the appellant from properly presenting the case to the court of
appeals.@ 
Tex. R. App. P. 44.1(a).








In Powers, the trial court
imposed sanctions under Texas Civil Practice and Remedies Code section 9.012
against Powers and her attorney for filing a frivolous suit.  Powers, 771 S.W.2d
at 717.  The trial court imposed
these sanctions after appellants filed a nonsuit without prejudice just days
before the opposing party=s motion for summary judgment was
to be heard.  Id.
at 717-18.  The record of the
sanctions hearing showed the trial court found appellant=s suit to be frivolous.  Id. at 719.  On appeal, Powers argued that the trial court
had failed to comply with the requisites of section 9.012, modified by rule 13,
by failing to state the particulars of good cause in its sanction order.  Id. at 718.  We concluded that any error by the trial
court in failing to state the particulars of good cause in its sanction order
was harmless because the trial court did not so Aobscure
its reasoning@ as to prevent appellant from being
able to present his issue on appeal.  Id. at 719.

In this case, the sanction order
does not reveal the trial court=s reasoning.  See Tex.
R. App. P. 44.1(a)(2).  Meaningful appellate review is precluded Abecause the sanctioned party [is]
unable to overcome the presumption that the trial court found necessary facts
in support of its judgment.@ 
GTE Communications, 819 S.W.2d at 654.  Therefore, we hold the trial court=s failure to comply with rule 13 is
reversible error.

4. 
Chapter 10

Chapter 10 of the Texas Civil Practice
and Remedies Code authorizes a trial court to impose sanctions upon a person, a
party represented by the person, or both, for advancing frivolous pleadings or
motions.  Tex. Civ. Prac. & Rem. Code Ann. '' 10.001(1), 10.004(a) (Vernon Supp.
2002).  In imposing sanctions under this
chapter, a trial court is required to specifically detail the sanctionable
conduct in its order.  Section 10.005
mandates that A[a] court shall describe in
an order imposing a sanction under this chapter the conduct the court has
determined violated Section 10.001 and explain the basis for the sanction
imposed.@ 
Tex. Civ. Prac. & Rem. Code
Ann. ' 10.005 (Vernon Supp. 2002)
(emphasis added).  The use of the word Ashall@
in the statute indicates that the requirement for
particularity in the sanction order is mandatory.  Univ. of Tex. at Arlington v. Bishop,
997 S.W.2d 350, 355 (Tex. App.BFort Worth 1999, pet. denied)
(citing Albertson=s, Inc. v. Sinclair, 984 S.W.2d 958, 961 (Tex. 1999)).








We conclude that the sanction order
in this case fails to comply with the mandatory language of section
10.005.  See Tex. Civ. Prac. & Rem. Code Ann. ' 10.005 (Vernon Supp. 2002).  The trial court=s
order does not describe the conduct that violates section 10.001, nor does it
describe the reasons warranting the sanctions imposed.  The order only generally notes that appellant
failed to appear at the hearing on the Motion to Vacate Writ of Possession and
that the request for sanctions of appellee appears to have Amerit.@ 
Thus, we hold the trial court abused its discretion by entering a
sanction order without describing the conduct that violated section 10.001 and
failing to explain the basis for imposing such sanctions.

We sustain the fifth sub-point of
appellant=s sole point of error.  In light of our disposition of this
sub-point, it is not necessary that we address the remaining sub-points of
appellant=s sole point of error.  See Tex.
R. App. P. 47.1.

                                                 C.  Conclusion

We reverse the trial court=s sanction order and remand the
case to the trial court for further proceedings consistent with this opinion.

 

 

FEDERICO G. HINOJOSA

Justice

 

 

Publish.  Tex. R. App. P. 47.3.

 

Opinion delivered and filed this the

10th day of October,
2002.

 











[1]
Appellant=s attorney,
Michael Williams, is not a party to this appeal, and the order granting
sanctions against him is final.